UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:20-cr-00085-TWP-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARCUS JOHNSON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cr-00085-TWP-MJD |
| | ) |
| MARCUS JOHNSON, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on Defendant Marcus Johnson Motion for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 41.) For the reasons explained below, his motion is **denied**.

### I.   BACKGROUND

In March 2021, Mr. Johnson pled guilty to one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Dkt. 37.) On February 12, 2020, Mr. Johnson was the subject of a traffic stop in Indianapolis, Indiana. (Dkt. 29 at 3.) He had an outstanding warrant for his arrest, and, when taken into custody, he consented to a search of his vehicle. *Id.* at 3-4. During the search, officers found a handgun and individually packaged marijuana. *Id.* The handgun was a Taurus TH-9, 9mm semi-automatic firearm. *Id.* Mr. Johnson admitted that he carried the firearm for protection and that he was dealing marijuana. *Id.* Mr. Johnson had six prior felony convictions including possession of a controlled substance in 2013, forgery in 2007, and dealing in cocaine in 2001. (Dkt. 29 at 6–8.) In this *pro se* briefing on this Motion, Mr. Johnson states that he carried the firearm because doing so is "almost second nature for everyone in society due to all of the violence and racial discrimination." (Dkt. 42 at 2.)

Mr. Johnson faced a sentencing guidelines range of 70 to 87 months of imprisonment. (Dkt. 38.) The Court sentenced him below guideline to a downward variance sentence of 67 months of imprisonment to be followed by 3 years of supervised release. (Dkt. 37.) The Bureau of Prisons ("BOP") lists Mr. Johnson's anticipated release date (with good-conduct time included) as December 16, 2024. https://www.bop.gov/inmateloc/ (last visited August 17, 2023).

Mr. Johnson initially filed his motion for compassionate release *pro se*. (Dkt. 41.) The Court appointed counsel, but counsel withdrew before filing any substantive submissions on Mr. Johnson's behalf. (Dkts. 43, 48, 50, 59, 61.) After counsel withdrew, Mr. Johnson was given the opportunity to supplement his motion. (Dkt. 63.) In his original motion and supplement, (Dkt. 64), Mr. Johnson argues he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (obesity, type 2 diabetes, hypertension, and high cholesterol). (Dkt. 41 at 2.) He also argues that he is needed at home to care for his three minor grandchildren because their parents (including Mr. Johnson's daughter) cannot do so due to drug addiction. Their current caregiver, Mr. Johnson's mother, is elderly, in declining health, and struggles financially to care for the children. (Dkt. 42 at 4–5.) The Court has concluded that it can resolve the motion without a response from the Government.

## II.   DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad

3

discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Johnson's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason.

> [F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.

*United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Johnson is not vaccinated, (Dkt. 41 at 3), and has presented no evidence that he is unable to receive or benefit from the vaccine. For this reason, the Court declines to exercise its discretion to find that Mr. Johnson has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *U.S. v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022); *U.S v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir.).

Mr. Johnson also argues that he would like to be at home helping to care for his three grandchildren. Mr. Johnson's mother has been caring for Mr. Johnson's grandchildren while he has been incarcerated. Mr. Johnson states that due to his mother's age, declining health, and

4

financial struggles, she finds it very difficult to care for the children. According the PSR, Mr. Johnson's mother was 56 years old in 2020, making her approximately 59 years old today. This is hardly an advanced age which would, on its own, demonstrate that she is unable to care for children. Mr. Johnson also states that his mother is in declining health. However, Mr. Johnson points to no specific medical conditions that his mother suffers from, nor has he submitted any medical records demonstrating her declining health. In short, there is no evidence contained in the record showing that Mr. Johnson's mother is incapacitated or physically unable to continue caring for the three children.

Mr. Johnson also states that the financial burden of caring for the children has been difficult for his mother. While the Court is sympathetic to their situation, there is again no evidence that she is unable to continue to provide for them or that their financial situation is extraordinary as compared to others also caring for three children. As such, the Court declines to exercise its discretion to find that Mr. Johnson has met his burden to establish that care for his grandchildren is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

Even if the Court were to assume that Mr. Johnson had established an extraordinary and compelling reason, the Court would nevertheless find that Mr. Johnson is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] Weighing in his favor, Mr. Johnson has no disciplinary infractions while incarcerated.

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

(Dkt. 41 at 2.)  Though it appears he has not yet participated in rehabilitative programming, he states he was unable to do so during frequent lockdowns necessitated by the COVID-19 pandemic and that he was moved to another facility to participate in programming.  (Dkts. 41 at 2, 64 at 1.)  He will also have the support of family and will have a job upon release.  (Dkt. 64 at 2.)  Weighing against him, Mr. Johnson's criminal history is extensive and includes six felony convictions.  As discussed above, Mr. Johnson's offense here was serious and involved carrying a firearm while admittedly dealing marijuana.  (Dkt. 28 at 4, 6–8.)  Finally, Mr. Johnson is not scheduled to be released from prison until December 2024; thus, releasing him now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Mr. Johnson early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)].  One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.  CONCLUSION

For the reasons stated above, Mr. Johnson's motion for compassionate release, Dkt. [41], is **DENIED**.

**SO ORDERED.**

Date: 8/25/2023

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Marcus Johnson
Register Number: 17521-028
FCI Forrest City Medium
Federal Correctional Institution
Forrest City, Arkansas  72336

All Electronically Registered Counsel